IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DONNELL RICE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-01740-S-BT |
| | § | |
| DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Reginald Donnell Rice, a Texas prisoner, has filed a *pro se* "Motion For Rule 60(b)(6)" in this closed habeas case. (ECF No. 47.) The District Court referred the motion to the United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the District Court should DENY Rice's motion.

I.

Rice filed this habeas action under 28 U.S.C. § 2254 on June 27, 2018.[1] (ECF No. 3.) On November 19, 2020, the magistrate judge issued findings and conclusions, recommending that Rice's petition be dismissed with prejudice. (ECF No. 37.) Specifically, the magistrate judge determined that: (1) Rice's third, fourth, fifth, sixth, seventh, ninth, eleventh and

---

[1] A prisoner's pleading is deemed filed on the date it is delivered to prison officials for mailing to the clerk of court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Rice's motion is signed and dated June 27, 2018, and it is presumed to have been delivered to prison officials on that date. Mot. 18 (ECF No. 3).

1

twelfth claims were procedurally barred: (2) his first claim, a freestanding actual innocence claim, failed; (3) his second claim, a claim under *Brady v. Maryland,* 373 U.S. 83 (1963), was meritless; (4) his eighth claim, addressing the denial of due process during his state habeas proceedings, lacked merit; (5) his tenth claim, addressing false testimony at trial, lacked merit; (6) his thirteenth claim, addressing ineffective assistance of counsel, lacked merit; and (7) his fourteenth claim, addressing ineffective assistance of appellate counsel, lacked merit. Rice filed objections (ECF Nos. 38, 40), but on January 19, 2021, the District Court accepted the magistrate judge's findings and recommendation, denied a certificate of appealability, and entered judgment. Ord. (ECF No. 41); J. (ECF No. 42). On February 12, 2021, Rice filed a Notice of Appeal. (ECF No. 43.)

Rice filed the pending motion on November 8, 2021. In it, he argues that the Court erroneously dismissed his petition with prejudice. Specifically, he contends that the magistrate judge abused her discretion when she denied his requests for: "(1) habeas relief, (2) review or (3) [an] evidentiary [hearing] on Petitioner's Federal Constitutional Claims on 28 U.S.C. § 2254 Grounds Three, Four, Five, Six, Seven, and Twelve, based on the claims being unexhausted on direct appeal[.]" Mot. 1 (ECF No. 47). He contends that issues three, four, five, six, seven, and twelve were presented to the Fifth District Court of Appeals, and they were exhausted there, in the Court of Criminal Appeals, and in the Northern District of Texas, Dallas

2

Division. *Id.* 2. Rice claims that "extraordinary circumstances exist" here, his conviction should be reversed, and the Court should order a new trial, especially on his Confrontation Clause claim. *Id.* 3. He concludes that he is entitled to a certificate of appealability because the state court's decision and the United States District Court's decision "[were] contrary to or involved an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court." *Id.*

## II.

A court evaluates a motion seeking reconsideration of a prior ruling either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). If the movant filed the motion within twenty-eight days after the entry of judgment, the court considers it under Rule 59, and if the movant filed the motion beyond that time period, the court analyzes it under Rule 60. *Id.* Here, Rice filed his motion on November 8, 2021—more than nine months after the Court entered its judgment on January 19, 2021. Therefore, the Court considers the motion under Rule 60(b).

When a motion for relief from judgment seeks to advance one or more substantive habeas claims or attacks a federal court's previous resolution of a claim *on the merits*, it is a second or successive petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 530-33 (2005) (concluding that a true Rule 60(b) motion challenges: (1) a procedural ruling, or (2) a defect in the integrity of

3

the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack); *see also Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that challenges the court's failure to reach the merits of the habeas petition is properly evaluated under Rule 60(b). *See Gonzalez*, 545 U.S. at 538. To the extent that the petitioner challenges the integrity of the habeas proceeding, the motion is not the equivalent of a successive petition, and the court can therefore review the claims under Rule 60(b). *Id.* at 532 & n.4; *see also Garrison v. United States*, 2021 WL 4265767, at *1 (N.D. Tex. Sept. 20, 2021). Likewise, when a motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is a Rule 60(b) motion. *Storey v. Lumpkin*, 8 F.4th 382, 388 (5th Cir. 2021) (quoting *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014)).

Here, Rice argues that the magistrate judge abused her discretion when she determined that "Grounds Three, Four, Five, Six, Seven, and Twelve" were unexhausted on direct appeal and therefore procedurally defaulted.[2] Mot. 1 (ECF No. 47). In support of this primary argument, he contends that

---

[2] Rice slightly mischaracterizes the magistrate judge's decision. In her findings and conclusions, the magistrate judge observed that, the Texas Court of Criminal Appeals found that Rice's third, fourth, fifth, sixth, seventh, ninth, eleventh, and twelfth claims were procedurally barred because they were not raised on direct appeal. The magistrate judge further determined that because, his actual innocence claim failed, Rice could not show cause and actual prejudice to overcome the procedural bar. FCR 6-8.

the Court of Appeals's records and the opinion from the Fifth District Court of Dallas demonstrate that his claims were addressed and denied on these related issues, which amounts to error by the magistrate judge. *Id.* Rice challenges the magistrate judge's decision and ultimately the District Court's determination that he procedurally defaulted several of his claims. Consequently, the instant motion is not the equivalent of a second or successive petition. *See Gonzalez*, 545 U.S. at 531-32. And the district court can address his motion under Rule 60(b)(6). *See Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (When a Rule 60(b)(6) motion addresses "a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar[,]" it is not a second or successive petition and can be properly considered by the district court.); *see also Bethany v. Director*, 2021 WL 4034198, at *1 (N.D. Tex. Sept. 2, 2021).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

  (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *rec. accepted*, 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III.

Rice's motion fails because he merely rehashes arguments previously raised and rejected. *See Lyles v. Seacor Marine, Inc.*, 555 F. App'x 411, 412 (5th Cir. 2014) (per curiam) ("A Rule 60(b) motion is not an opportunity to rehash prior arguments.") (citing *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007)); *Alfred v. Allen Correctional Ctr.*, 317 F. App'x 420, 421 (5th Cir. 2009) ("A district court does not abuse its discretion by denying a Rule 60(b) motion wherein the movant merely rehashes his prior arguments without making a showing that his request for reconsideration is based on one of the statutory grounds.") (citing *Matter of Colley*, 814 F.2d 1008, 1010–11 (5th Cir.1987)); *see also Deutsche Bank Nat'l Tr. Co. as Tr. of*

*Aames Mortg. Inv. Tr. 2005-1 v. Mortberg*, 2021 WL 2793928, at *2 (E.D. Tex. Apr. 27, 2021). For example, in Rice's objections, he generally argues that he made a showing sufficient to warrant issuance of a certificate of appealability. Obj. 2-3 (ECF No. 40). The District Court reviewed Rice's objections, including his argument that he was entitled to a certificate of appealability, and ultimately overruled the objections. Ord. 1 (ECF No. 41). Moreover, the District Court addressed the appropriate standard and specifically denied him a certificate of appealability. *Id*. 1-2. Now, in the pending motion, Rice, again, argues that he is entitled to a certificate of appealability. Mot. 3 (ECF No. 47). He generally claims that the state court's decision and this Court's decision were contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. *Id.*

Additionally, in Rice's petition, he moved for an evidentiary hearing. Pet. 7 (ECF No. 3). In the magistrate judge's findings and recommendation, she addressed the request and recommended denying it because Rice's claims lacked merit on their face, and no additional development at an evidentiary hearing was necessary. FCR 23-24 (ECF No. 37). Now, Rice summarily argues that the magistrate judge "abused her discretion" when she failed to grant his request for an evidentiary hearing on claims three, four, five, six, seven and twelve. Mot. 1 (ECF No. 47).

7

Rice also fails to come forward with "newly discovered evidence," which could not have been discovered in time to file a motion under Federal Rule of Civil Procedure 59(b) and change the outcome of this case. Likewise, he does not demonstrate that there has been fraud, misrepresentation, or misconduct by the opposing party in this case. Finally, Rice has not shown any mistake in the judgment or any other reason to grant relief from the judgment.

## Conclusion

The Court recommends the District Court DENY Rice's Rule 60(b) motion (ECF No. 47).

Signed January 25, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

9