IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD DONNELL RICE, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:18-cv-01740-S-BT |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Reginald Donnell Rice's Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 67). For the following reasons, the Court should deny Rice's motion.

I.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points

1

arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

II.

Rice initiated this action on July 3, 2018 when he filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 3). The undersigned United States magistrate judge addressed each of Rice's claims and determined they were subject to dismissal or meritless and recommended that the Court dismiss Rice's petition. FCR (ECF No. 37). Rice filed objections. (ECF No. 40). The District Court accepted the recommendation, denied a certificate of appealability (COA), and entered judgment on January 19, 2021. Ord. (ECF No. 41); J. (ECF No. 42). At that time, the Court found, "petitioner has failed to show: (1) that reasonable jurists would find that this Court's 'assessment of the constitutional claims debatable or wrong,' or (2) that reasonable jurists would find 'it debatable whether the petition states a valid claim of the denial of a constitutional right' and 'debatable whether [this Court] was correct in its procedural ruling.'" Ord. 1 (ECF No. 41) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

2

(2000)). Rice then filed several post-judgment motions under Federal Rule of Civil Procedure 60(b). (ECF Nos. 47, 53, 63.) The District Court denied each motion. (ECF Nos. 55, 60, 64.)

Rice now seeks to appeal the District Court's March 24, 2022 Order (ECF No. 60), which denied his February 8, 2022 Rule 60(b) motion (ECF No. 53). Rice's February 8, 2022 motion was denied because it merely rehashed arguments previously raised and rejected by the magistrate judge and District Court. FCR 6 (ECF No. 56) (citing *Lyles v. Seacor Marine, Inc.*, 555 F. App'x 411, 412 (5th Cir. 2014) (per curiam) ("A Rule 60(b) motion is not an opportunity to rehash prior arguments.") (citing *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007)); Ord. (ECF No. 60). Because an appeal of the District Court's March 24, 2022 Order would be "entirely frivolous," the Court should certify that the appeal is not taken in good faith. *Baugh*, 117 F.3d at 201-02. Specifically, the appeal presents no legal point of arguable merit. *See Howard*, 707 F.2d at 220.

### III.

The Court should find Rice's appeal is not taken in good faith and DENY his motion for leave to proceed *in forma pauperis* on appeal.

If the Court denies Rice's request to proceed *in forma pauperis* on appeal, he may challenge that finding, by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States

Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

Signed May 10, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).